THE STATE, Respondent, v. ANDREWS, Appellant.

1. The act concerning merchants and grocers, approved February 23, 1853, (Sess. Acts, 1853, p. 111,) authorized the granting of licenses to grocers for a year.
2. The act entitled "an act to tax and license merchants" (R. C. 1855, p. 1077, § 22,) did not affect grocers' licenses previously granted under the act of February 23, 1853; it is only applicable to licenses granted after May 1, 1856.

*Appeal from Polk Circuit Court.*

This cause was removed by change of venue from the circuit court of Greene county to Polk circuit court. The indictment in this case charged that the defendant, Benjamin G. Andrews, of, &c., on, &c., at, &c., " with force and arms did then and there unlawfully sell a quantity of spirituous liquors, to-wit, one quart of whisky, and did then and there unlawfully permit the same to be drank at a place under his control, without then and there having a dram-shop keeper's license, inn-keeper's license or any other legal authority to sell said spirituous liquors, in manner and form aforesaid, contrary," &c.

At the trial the prosecution introduced a witness who testified that in June or July, 1856, at the time of the session of a district convention, he purchased a quart of whisky of defendant for twenty-five cents. The time of holding this convention was fixed by other evidence in the first week in May, 1856.

The defendant offered in evidence the following license: " State of Missouri. To all who shall see these presents— greeting: Know ye that Benjamin G. Andrews, on the 26th

day of November, A. D. 1855, filed his bond with approved security, conditioned to pay, on or before the first day of November in each year during the continuance of his license, the state and county taxes which may be levied upon his business as a grocer. Now, therefore, the said Benjamin G. Andrews, under the style of B. G. Andrews, is hereby authorized and permitted to vend and otherwise carry on the business of a grocer at any one place in the county of Greene for the period of twelve months from the first day of November, 1855. In testimony whereof, I, A. G. McCracken, clerk of the county court of Greene county, have hereto set my hand and affixed the seal of said court at office this 26th day of November, 1855." The court refused to permit said license to be read. Defendant offered to prove that he had paid to the sheriff of Greene county the tax upon the license for the year 1856. The court ruled out the testimony.

The court, at the instance of the state, instructed the jury as follows : " If the jury shall believe from the evidence that the defendant, within the county of Greene, in the state of Missouri, and after the first day of May, 1856, but before the finding of the indictment, sold any quantity of intoxicating liquor called whisky in a less quantity than one gallon, they should find the defendant guilty." The court refused to give the following instructions asked by defendant : " 1. Unless they believe that the defendant knowingly and intentionally violated the law by selling the liquor as charged in the indictment, they will find for the defendant. 2. Although the jury may believe that there is a preponderance of evidence in favor of the state, unless they are satisfied beyond every reasonable doubt that the defendant sold the liquor since the first day of May, 1856, they will find a verdict for the defendant."

The jury rendered a verdict against defendant.

*Wright,* for appellant.

I. The instruction on the part of the state was wrong. The offence charged is evidently against defendant as a merchant

or grocer.    The charge does not consist in selling alone, but in permitting it to be drank at a place under his control. There was no evidence that he so permitted it to be drank. A merchant or grocer may sell spirituous liquor, but not in any quantity to be drank at his store, &c.    (21 Mo. 493.) The license offered in evidence authorized defendant to sell spirituous liquor for an entire year.    It was legally granted in pursuance of the act of February 23, 1853.    By that act merchants and grocers were placed on the same footing.    The act of 1855 can not affect the rights of defendant under his license.    To permit it to do so would give it a retrospective effect, which is forbidden by the constitution ; it is also within the constitutional provision with respect to laws impairing the obligation of contracts.    (Constitution of Missouri, art. 13, sec. 17 ; see also 2 Gall. 130 ; City of Hannibal v. Guyott, 18 Mo. 515 ; 9 Cranch, 43 ; 7 Johns. 477 ; 1 Sto. on Const. § 1398, 1385 ; Dartmouth College v. Woodward, 4 Wheat. 656 ; 3 Wash. C. C. 318 ; 6 Cranch, 87.)

*Ewing*, (attorney general,) for the State.

I.    The indictment is sufficient.    The court did not err in refusing to permit the license to be read in evidence.    Defendant was indicted for a violation of the act of 1855, which took effect May 1, 1856.    The license expired before the sale charged in the indictment was made.    Being issued by the clerk it could continue only until the next term of court ; but if issued by the court it could only continue in force six months.    (R. C. 1845, p. 543-6, § 9, 15.)    The court did not err in rejecting the evidence offered as to the payment of the tax on the license.    The license alone could confer the authority to sell.    (State v. Hughes, 24 Mo. 151.)    The court did not err in giving or refusing instructions.

SCOTT, Judge, delivered the opinion of the court.

The defendant, if he was answerable under the indictment at all, was only answerable as a grocer, as there was no evidence whatever that he suffered the liquor sold to be drank

at the place of sale.  He had a license as a grocer, dated 1st November, 1855, which authorized him to deal as such for the space of one year.  This license was issued under the act entitled " An act concerning merchants and grocers," approved 23d February, 1853.  (Sess. Acts, 1853, p. 111.)  As the party had thus purchased the privilege from the State of dealing as a grocer for the period of twelve months, we will not presume that the legislature, by any subsequent act, intended to take away or affect this privilege.  We must construe the act of 1855 as only applicable to licenses which were granted after it took effect, and not to those granted under the act of 1853, which continued for twelve months.  The other judges concurring, the judgment will be reversed.